this pleading stricken from the record in an order filed on May 7 and entered on May 18, 2000, on the ground that Herman had not met the prerequisites for status as "next friend" for his son and that, therefore, "Herman Dixon remains a stranger to this case and, as such, may not file documents on behalf of Rafiki Dixon." Herman Dixon signed a notice of appeal from this order.

On appeal, Herman Dixon argues that the district court erred in striking his motion for reconsideration and thus denying Rafiki meaningful access to the court. He claims that, as Rafiki's father, "he has been a party to these proceedings since the inception."

The district court's decision to strike a pleading is reviewed for abuse of discretion. *F.D.I.C. v. Kooyomjian,* 220 F.3d 10, 15–16 (1st Cir.2000); *Whitted v. General Motors Corp.,* 58 F.3d 1200, 1203 (7th Cir. 1995). Decisions that are reasonable, i.e., not arbitrary, will not be overturned. *Whitted,* 58 F.3d at 1203. Upon review, we conclude that the district court's decision to strike Herman Dixon's motion for reconsideration in this case was eminently reasonable for the reasons stated in its order.

Accordingly, the district court's order, entered May 18, 2000, striking Herman Dixon's motion for reconsideration is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

UNITED STATES of America Plaintiff—Appellee,

v.

Clarence HUNT Defendant—Appellant.

No. 98–4513.

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

Before RALPH B. GUY, JR., BOGGS, and GILMAN, Circuit Judges.

ORDER

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

The court finds that no prejudicial error intervened in the judgment and proceedings in the district court, and it is therefore ORDERED that said judgment be and it hereby is affirmed.

John ROSENSTEEL; John Poorman Plaintiffs—Appellants

v.

GENERAL EXTRUSIONS, INC.; United Steelworkers of America Defendants—Appellees

No. 00–3373.

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

Before RALPH B. GUY, JR., BOGGS, and GILMAN, Circuit Judges.

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

The court finds that no prejudicial error intervened in the judgment and proceedings in the district court, and it is therefore ORDERED that said judgment be and it hereby is affirmed.

**Robert LINTON, Petitioner–Appellant,**

v.

**Mike RANDLE, Respondent–Appellee.**

**No. 00–4578.**

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

*ORDER*

Pro se Ohio prisoner Robert Linton appeals a district court judgment that denied his 28 U.S.C. § 2254 petition. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a)

In July 1994, Linton entered a plea of nolo contendere to five counts of rape and three counts of corruption of a minor. He was sentenced to the indeterminate term of ten-to-fifty years of imprisonment. Linton did not take a direct appeal, and he did not pursue state post-conviction relief or a belated appeal until five years later, in September 1999, when he filed a motion for a delayed appeal pursuant to Ohio R.App. P. 26(B). The Ohio appeals court allowed Linton to take a delayed appeal, but the court affirmed his convictions. The Ohio Supreme Court dismissed his subsequent appeal.

In June 2000, Linton filed the instant § 2254 petition. The district court dismissed Linton's petition as time-barred, but the court granted Linton a certificate of appealability on the following issue:

> whether the Ohio Court of Appeals granting a motion for leave to take a delayed appeal after the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) otherwise would have run has the effect under § 2244(d)(1)(A) of restarting the running of the one-year state of limitations from "the date on which the judgment became final by conclusion of [delayed] direct review....."

In his timely appeal, Linton argues that the grant of a delayed appeal by the state court, and attendant notions of comity, should reset the § 2244(d)(1) clock at zero.

We review de novo the district court's determination that the petition was filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir.1999). Because Linton's habeas petition was filed after the effective date of the AEDPA, Linton had until April 24, 1997, to seek § 2254 relief in a timely manner. *See, e.g., Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000).

Linton made no challenge to his confinement of any kind in any forum until more than two years after the April 1997 deadline, when he filed his Rule 26(B) motion in